# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: May 9, 2025)

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| CAROL WILKINSON, | * | |
| | * | No. 18-1829V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Verne E. Paradie, Jr., Paradie, Rabasco & Seasonwein, Phoenix, AZ, for petitioner.
Madylan Louise Yarc, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 29, 2018, Carol Wilkinson ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she suffered polymyalgia rheumatica ("PMR") as a result of an influenza ("flu") vaccination she received on December 1, 2015. Petition at Preamble (ECF No. 1). On July 22, 2024, the undersigned issued her decision denying entitlement and dismissing the petition. (ECF No. 115).

On, July 5, 2022, Petitioner filed a motion for interim attorneys' fees and costs requesting $17,650.00 for time and costs incurred by Dr. Petros Efthimiou, petitioner's expert in this matter.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

(ECF No. 79). On August 26, 2019, petitioner's motion was granted in part, and she was awarded $8,375.00. (ECF No. 85).

On September 18, 2024, petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 118). Petitioner requests compensation in the amount of $87,683.43, representing $32,934.60 in attorneys' fees and $54,748.83 in attorneys' costs. Fees App. Ex. A at 5-6. Respondent filed his response on September 25, 2024, indicating that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 119). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $50,450.83.**

   I.   Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although the petition was eventually dismissed, the undersigned is satisfied that the case possessed both good faith and reasonable basis throughout its pendency. Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

   a.   **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It

2

is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application."  Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests a total of $32,934.60 in attorneys' fees. Petitioner requests the following hourly rates for the work of her counsel, Mr. Verne Paradie: $317.00 per hour for work performed in 2018, $324.00 per hour for work performed in 2019, $414.00 per hour for work performed in 2020 and 2021, $427.00 per hour for work performed in 2022, $450.00 per hour for work performed in 2023, and $475.00 per hour for work performed in 2024. These requested rates exceed what has previously been awarded to Mr. Paradie. He was previously awarded the lesser rate of $300.00 per hour for his time billed in 2018, $315 per hour for time billed in 2019, $330.00 per hour for time billed in 2020, $345.00 per hour for time billed in 2021, $375.00 for time billed in 2022, $390.00 per hour for time billed in 2023, and $415.00 per hour for his time billed in 2024. See Martell v. Sec'y of Health & Human Servs., No. 21-2335V, 2025 WL 776913 (Fed. Cl. Spec. Mstrs. Jan. 28, 2025); Duguary v. Sec'y of Health & Human Servs., No. 18-340V, 2022 WL 16579249 (Fed. Cl. Spec. Mstrs. Sept. 22, 2022). This results in a reduction of **$4,182.60**.[3]

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the

---

[3] (5.3 hrs. x ($317.00 – $300.00)) + (4.0 hrs. x ($324.00 – $315.00)) + (12.1 hrs. x ($414.00 – $330.00)) + (1.3 hrs. x ($414.00 – $345.00)) + (16.7 hrs. x ($427.00 – $375.00)) + (32.7 hrs. x ($450.00 – $390.00)) + (2.0 hrs x ($475.00 – $415.00)) = $4,182.60.

3

amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $28,752.00.

### b. Attorneys' Costs

Petitioner requests a total of $54,748.83 in attorneys' costs. This amount includes $1,073.83 for acquiring medical records, a fax request, the Court's filing fee, and a fee to secure the expert in this case. Fees App. Ex. A at 5-6. The remainder of the costs ($53,675.00) are related to expert services provided by Dr. Petros Efthimiou. *Id*. These costs require reduction.

Petitioner submitted four invoices to substantiate the costs requested for Dr. Efthimiou. *See* Fees App. Exs. E, J, K, and L. Invoice 1, dated March 30, 2020, covering expert services provided from January 29, 2020, through March 23, 2020, bills for 12.75 hours at $600 per hour, totaling $7,575.00.[4] Fees App. Ex. J. Invoice 2, dated October 20, 2020, covering expert services provided from June 25, 2020, through October 20, 2020, bills for 7.25 hours at $600 per hour, totaling $4,350.00. Fees App. Ex. K.  Invoice 3, dated June 3, 2022, covering expert services provided from January 21, 2021, through June 16, 2022, bills for 5.25 hours $600 per hour, and 16 hours at $1,000 per hour, totaling $17,650.00. Fees App. Ex. L. Invoice 4, dated November 16, 2023, covering expert services provided from September 21, 2023, through November 16, 2023, bills for 7.55 hours at $600 per hour, totaling $19,300.00.[5] Fees App. Ex. E.

First, the difference between the amount petitioner is requesting for Dr. Efthimiou's expert services ($53,675.00), and Dr. Efthimiou's invoices ($48,875.00) is $4,800.00. In her fees motion, petitioner requests reimbursement in the amount of $4,800.00 in a billing entry dated November 30, 2020, described as "Expert Invoice – Petros Efthimiou." Fees App. Ex. A at 6. Petitioner did not provide an invoice for $4,800.00, there is no invoice dated November 30, 2020, and there is no indication that Dr. Efthimiou provided any services between Invoice 2 (ending on October 20, 2020) and Invoice 3 (beginning January 21, 2021). Petitioner was ordered to file a status report explaining and substantiating the requested fees. (ECF No. 120). On April 30, 2025, petitioner filed a status report explaining that "the invoice was incorrectly entered in this matter" and that she "withdraws request for payment of Dr. Efthimiou's

---

[4] The undersigned notes that there are three billing errors in Invoice 1. On February 29, 2020, March 12, 2020, and March 23, 2020, Dr. Efthimiou billed for 0.25 hours at $600/hr., with each entry totaling $125 instead of $150. This resulted in an underpayment of $75.

[5] The undersigned notes that there is a billing error in Invoice 4. On October 30, 2023, Dr. Efthimiou billed for 0.25 hours at $600/hr., totaling $300 instead of $150. This resulted in an overpayment of $150.

November 30, 2020, invoice . . . ." Accordingly, this expense will not be reimbursed. This results in a reduction of **$4,800.00**.

Next, petitioner requested reimbursement for Invoice 3 in her motion for interim fees. (ECF No. 79). The undersigned granted petitioner's motion in part, and she was awarded $8,375.00 for that invoice. Since Invoice 3 has already been adjudicated, it will not be reimbursed herein. This results in a reduction of **$17,650.00**.

Finally, the hourly rate for Dr. Efthimiou exceeds what he has been previously awarded, specifically the rate the undersigned awarded in the interim fees decision. See Wilkinson v. Sec'y of Health & Human Servs., No. 18-1829V, 2022 WL 4693224, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022). In that decision, the undersigned found "Dr. Efthimiou's requested rates of $600.00 and $1,000.00 . . . to be excessive." Id. The undersigned determined that "[b]oth rates exceed the amount given to other board-certified rheumatologists with similar qualifications . . . ." and that "[p]etitioner has submitted no evidence justifying this higher hourly rate." Id. The undersigned further found "$500.00 to be a reasonable rate for Dr. Efthimiou's work in the case." Id. Although the hearing had not yet been held at the time at that time, the undersigned now finds $500.00 to be a reasonable rate for Dr. Efthimiou's work in this case. This results in a reduction of **$10,600.00**.[6]

The undersigned has reviewed the remaining administrative costs and finds them to be reasonable. Accordingly, petitioner is awarded final attorneys' costs of $21,698.83.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $32,934.60 |
| (Total Reduction from Billing Hours) | ($4,182.60) |
| **Total Attorneys' Fees Awarded** | **$28,752.00** |
| | |
| Attorneys' Costs Requested | $54,748.83 |
| (Reduction of Costs) | ($33,050.00) |
| **Total Attorneys' Costs Awarded** | **$21,698.83** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$50,450.83** |

**Accordingly, the undersigned awards $50,450.83 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[6] Invoice 1 [(12.75 hrs. x $100.00) = *$1,275.00*] + Invoice 2 [(7.25 hrs. x $100.00) = *$725.00*] + Invoice 4 [(5.25 hrs. x $100.00) = *$525.00*] + Invoice 4 – Hearing [(16 hrs. x $500.00) = *$8,000.00*] = *$10,525.00* - *$75.00* (Invoice 1 underpayment) + *$150.00* (Invoice 4 overpayment) = **$10,600.00**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

    **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.